Peter W. Craigie, State Bar No. 99509
CRAIGIE, McCARTHY & CLOW
540 Pacific Avenue
San Francisco, CA 94133
Telephone: 415-732-7788
Facsimile: 415-732-7783
E-mail: craigielaw@aol.com

Attorneys for Defendants and Counterclaimants
ANYTHONY BAKER, FORE A PARTNERS, INC.,
MICHAEL MCKEE, KEN HAYES and MICHAEL
LEITNER-YOUNG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| INFINITE SOFTWARE CORPORATION and ALTOS TECHNOLOGY GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ANTHONY BAKER, FORE A PARTNERS, INC., MICHAEL MCKEE, KEN HAYES and MICHEAL LEITNER-YOUNG, <br><br> Defendants. <br><br> AND RELATED CONTERCLAIMS. | Case No.: CV08-06249 R (Ex) <br><br> **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING SUMMARY ADJUDICATION OF CLAIMS AND ISSUES** |

Pursuant to Local Rule 56-4 and FRCP 56(d), defendants and counterclaimants ANYTHONY BAKER, FORE A PARTNERS, INC., MICHAEL MCKEE, KEN HAYES and MICHAEL LEITNER-YOUNG submit the following Separate Statement of Uncontroverted Facts and Conclusions of Law in support of this Court's Order Granting Summary Adjudication of Claims and Issues.

1. **There Are No Genuine Issues of Material Fact Regarding Plaintiffs' Causes of Action One through Eleven Directed at Defendant BAKER Only**

Plaintiffs' causes of action one through eleven (1. Violation of § 10(b) of the Securities Exchange Act of 1934, Rule 10b-5; 2. Common Law Fraud; 3. Fraudulent Inducement; 4.

Imposition of Constructive Trust; 5. Negligent Misrepresentation; 6. Conversion; 7. Breach of Contract (Stock Purchase Agreement); 8. Breach of Contract (Employment Agreement); 9. Breach of Fiduciary Duty; 10. Breach of Duty of Loyalty; and, 11. Breach of Implied Warranty of Good Faith and Fair Dealing) are directed at defendant BAKER only.

Summary adjudication is granted against plaintiffs' causes of action. Defendant BAKER established that he did not solicit any ALTOS TECHNOLOGY GROUP, INC. ("ALTOS") employees or customers. As an at-will employee, defendant BAKER was free to leave Altos at any time and was free to compete with Altos once he did. Conversely, plaintiffs had not met their burden to establish that a genuine issue of material fact exists. Plaintiffs have provided no admissible evidence establishing a genuine issue of fact on their causes of action against defendant BAKER and, given this Court's June 24, 2009 Sanctions Order, plaintiffs are precluded from offering any evidence they failed to timely disclose in their initial Rule 26 disclosures.

2. **There Are No Genuine Issues of Material Fact Regarding Plaintiffs' Twelfth and Thirteenth Causes of Action for Misappropriation of Trade Secrets and Unfair Business Practices Directed against All Defendants**

Plaintiffs' twelfth and thirteenth causes of action accuse all defendants of misappropriating trade secrets. Plaintiffs have failed to identify any trade secrets that were taken, let alone provide any admissible evidence showing a genuine issue of material fact.

3. **There Are No Genuine Issues of Material Fact Regarding Plaintiffs' Fourteenth and Fifteenth Causes of Action for Intentional Interference with Contractual Relations and Prospective Economic Advantage Directed against All Defendants**

Plaintiffs' fourteenth and fifteenth causes of action for intentional interference with contractual relations and prospective economic advantage accuse all defendants of taking ALTOS' customers. Plaintiffs provide no admissible evidence support a genuine issue of material fact on these causes of action. Defendant BAKER was the only defendant contractually obligated not to solicit ALTOS' customers and there is no evidence that he did so.

4. **There Are No Genuine Issues of Material Fact Regarding Plaintiffs' Sixteenth Cause of Action for Defamation Directed against All Defendants**

Plaintiffs' sixteenth cause of action states that all defendants published false and

2

Statement of Uncontroverted Facts and
Conclusions of law in Support of Order Granting
Summary Adjudication of Claims and Issues

defamatory statements regarding plaintiffs. Statements made during the litigation are privileged communications and, thus, cannot support a defamation cause of action. Plaintiffs provided no admissible evidence showing that defendant BAKER denigrated ALTOS. The GE Capital letters merely confirm that the credit line was canceled. They do not suggest that any defamatory statements were made by defendant BAKER. Plaintiffs also claim that other defendants denigrated ALTOS by making statements about ALTOS' mistreatment of vendor representatives and inability to pay vendors. Plaintiffs provide no admissible evidence showing that the statements were false.

    5. There Are No Genuine Issues of Material Fact Regarding Plaintiffs'
       Seventeenth and Nineteenth Causes of Action for Conspiracy and
       Aiding and Abetting Directed against All Defendants

In this case, there are no wrongful acts for which the defendants can be held liable. Summary adjudication is thus granted was to these causes of action.

    6. There Are No Genuine Issues of Material Fact Regarding
       Plaintiffs' Claims for Equitable Relief or Money Damages

Plaintiffs are seeking both injunctive relief (twentieth cause of action) and the imposition of a constructive trust (eighteenth cause of action). There is no wrongful conduct to enjoin or ill-gotten proceeds, so summary adjudication is thus granted as to these causes of action.

    7. There Are No Triable Issues of Material Fact Regarding Counterclaimants'
       First and Second Amended Counterclaims for Violations of the California Labor
       Code and Unfair Competition Law Directed against Counterdefendant ALTOS

California Labor Code § 202 required counterdefendant ALTOS to pay all wages and commissions within 72 hours following termination or when employment compensation is paid in the normal course of business. It is undisputed that ALTOS has not paid wages and commissions to counterclaimants. Summary adjudication is thus granted in favor of counterclaimants and against ALTOS as follows:

1. ALTOS owes BAKER $22,000.00 in commissions together with prejudgment interest thereon from September 8, 2008;

2. ALTOS owes MCKEE $5,000.00 in salary and $85,750.00 in commissions together with prejudgment interest thereon from September 11, 2008;

3

Statement of Uncontroverted Facts and
Conclusions of law in Support of Order Granting
Summary Adjudication of Claims and Issues

3.  ALTOS owes LEITNER-YOUNG $4,000.00 in salary together with prejudgment interest thereon from September 15, 2008;

4.  ALTOS owes HAYES $19,332.00 in salary and commissions together with prejudgment interest thereon from September 15, 2008.

A labor code violation also entitles counterclaimants to restitution under the UCL for wages and commissions held by ALTOS.

8.  **There Are No Genuine Issues of Material Fact Regarding Counterclaimant BAKER'S Third Amended Counterclaim Directed at Counterdefendant INFINITE**

As part of the Stock Purchase Agreement, counterdefendant INFINITE SOFTWARE CORPORATION ("INFINITE") executed a Promissory Note in favor of counterclaimant BAKER. It is undisputed that counterdefendant INFINITE ceased making payments on the Promissory Note on September 30, 2008, that counterclaimant BAKER called the entire outstanding balance of $247,915.00 due and payable and that counterdefendant INFINITE has unjustifiably refused to pay the outstanding balance. Summary adjudication should thus be granted in favor of counterclaimant BAKER and against counterdefendant INFINITE in the amount of $247,915.00 together with 10% interest thereon from September 30, 2008 pursuant to Paragraph 1.3 of the Promissory Note, which requires counterdefendant INFINITE, upon default, to pay 10% on the outstanding balance.

Dated: _____August 11, 2009____    _____
                                    Hon. Manuel L. Real

Approved as to Form:                Parsons Behle & Latimer

Dated: _____       _____
                                    Erik A. Christiansen
                                    Attorneys for Plaintiffs and
                                    Counterdefendants INFINITE SOFTWARE
                                    CORPORATION and ALTOS
                                    TECHNOLOGY GROUP and
                                    counterdefendants FRANCO RAMIREZ,
                                    BRADY FLAHERTY and BRUCE
                                    ACACIO

4

Statement of Uncontroverted Facts and Conclusions of law in Support of Order Granting Summary Adjudication of Claims and Issues