JS 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

INFINITE SOFTWARE CORPORATION and ALTOS TECHNOLOGY GROUP, INC.,

Plaintiffs,

vs.

ANTHONY BAKER, FORE A PARTNERS, MICHAEL MCKEE, KEN HAYES, and MICHAEL LEITNER-YOUNG,

Defendants.

AND RELATED COUNTERCLAIMS.

CASE NO. CV 08-6249 R (Ex)

**JUDGMENT**

On August 3, 2009, the Motion for Summary Adjudication of Claims and Issues filed by Defendants and counterclaimants ANTHONY BAKER, FORE A PARTNERS, INC., MICHAEL MCKEE, KEN HAYES, and MICHAEL LEITNER-YOUNG came on regularly for hearing, the Honorable Manuel L. Real presiding. On August 11, 2009, the Statement of Uncontroverted Facts and Conclusions of Law was entered by the Court. Accordingly, it is hereby ORDERED and ADJUDGED that:

1. Plaintiffs INFINITE SOFTWARE CORPORATION and ALTOS TECHNOLOGY

GROUP, INC. take nothing by their complaint;

2. The complaint is dismissed on its merits;

3. On the claims against Defendant BAKER, he established that he did not solicit any ALTOS employees or customers, and that he did not remove any trade secrets or defame Plaintiffs. BAKER was free to leave ALTOS at any time, and was free to compete once he did. Conversely, Plaintiffs did not meet their burden as the opposing party to establish that a genuine issue existed. Plaintiffs provided no admissible evidence establishing a genuine issue on their claims against BAKER. And given the Court's June 24, 2009 order granting evidentiary sanctions, they were precluded from offering any evidence that they failed to timely disclose in their initial disclosures;

4. On the trade secrets claims, Plaintiffs failed to identify any trade secrets that were taken, let alone provide any admissible evidence showing a genuine issue of material fact;

5. On the defamation claim, statements made during litigation are privileged communications under Cal. Civil Code § 47, so any such statements cannot support that claim. Plaintiffs provided no admissible evidence showing that BAKER denigrated ALTOS. And the letters merely confirmed that the credit line was cancelled; they do not suggest that any defamatory statements were made. Plaintiffs also claimed that other Defendants denigrated ALTOS by statements about its mistreatment of vendor representatives and inability to pay vendors. But there is no indication that the statements were false;

6. On the intentional interference with contractual relations and prospective economic advantage claims, Plaintiffs provided no admissible evidence supporting a genuine issue on these claims. Only BAKER was obligated not to solicit ALTOS's customers, and there is no evidence that he did so;

7. And on the remaining claims, there were no wrongful acts for which Defendants can be held liable;

8. Defendant and counterclaimant ANTHONY BAKER shall have judgment against counterdefendant ALTOS TECHNOLOGY GROUP, INC. in the sum of $22,000.00 with prejudgment interest of 10% per annum from September 8, 2008 until the date of entry of this Judgment;

9. Defendant and counterclaimant MICHAEL MCKEE shall have judgment against counterdefendant ALTOS TECHNOLOGY GROUP, INC. in the sum of $90,750.00 with prejudgment interest of 10% per annum from September 11, 2008 until the date of entry of this Judgment;

10. Defendant and counterclaimant MICHAEL LEITNER-YOUNG shall have judgment against counterdefendant ALTOS TECHNOLOGY GROUP, INC. in the sum of $4,000.00 with prejudgment interest of 10% per annum from September 15, 2008 until the date of entry of this Judgment;

11. Defendant and counterclaimant KEN HAYES shall have judgment against counterdefendant ALTOS TECHNOLOGY GROUP, INC. in the sum of $19,332.20 with prejudgment interest of 10% per annum from September 15, 2008 until the date of entry of this Judgment;

12. Defendant and counterclaimant ANTHONY BAKER shall have judgment against counterdefendant INFINITE SOFTWARE CORPORATION in the sum of $247,915.00 with prejudgment interest of 10% per annum from September 30, 2008 until the date of entry of this Judgment;

13. As to post-judgment interest, all sums awarded by this Judgment shall bear interest at a rate "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [] the date of the judgment," under 28 U.S.C. § 1961(a).

DATED: October 20, 2009.

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE