Peter W. Craigie, State Bar No. 99509
CRAIGIE, McCARTHY & CLOW
540 Pacific Avenue
San Francisco, CA 94133
Telephone: 415-732-7788
Facsimile: 415-732-7783
E-mail: craigielaw@aol.com

Attorneys for Defendants and Counterclaimants
ANYTHONY BAKER, FORE A PARTNERS, INC.,
MICHAEL MCKEE, KEN HAYES and MICHAEL
LEITNER-YOUNG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| INFINITE SOFTWARE CORPORATION and ALTOS TECHNOLOGY GROUP, INC., <br><br>Plaintiffs, <br><br>v. <br><br>ANTHONY BAKER, FORE A PARTNERS, INC., MICHAEL MCKEE, KEN HAYES and MICHEAL LEITNER-YOUNG, <br><br>Defendants. <br><br>AND RELATED CONTERCLAIMS. | Case No.: CV08-06249 R (Ex) <br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING AWARD OF ATTORNEYS' FEES** |

Pursuant to FRCP 52(a), defendants and counterclaimants ANYTHONY BAKER, FORE A PARTNERS, INC., MICHAEL MCKEE, KEN HAYES and MICHAEL LEITNER-YOUNG submit the following Findings of Fact and Conclusions of Law in support of this Court's Order Granting Award of Attorneys' Fees.

1. The Stock Purchase Agreement, Employment Agreement and Confidentiality Agreement Are Integrated Documents and Part of the Same Transaction

On February 28, 2009, defendant and counterclaimant Baker sold a percentage of his interest in plaintiff and counterdefendant Altos Technology Group, Inc. to plaintiff and counterdefendant Infinite Software Corporation. This transaction was memorialized in a Stock

Purchase Agreement. The Stock Purchase Agreement at Paragraph 3.2(b) requires Baker to execute an Employment Agreement. Paragraph 3.1 of the Employment Agreement requires Baker to execute a Confidentiality Agreement. Paragraph 3.2 of the Confidentiality Agreement contains an Attorneys' Fees Clause. The Court finds that the Stock Purchase Agreement, Employment Agreement and Confidentiality Agreement are integrated documents and part of the same transaction. Where the provisions of one agreement containing an attorneys' fees clause are incorporated into other agreements that do not contain a similar clause, all instruments are properly construed to have formed a single contract, and the party who prevails on the contract without the attorneys' fees provision is entitled to an award of attorneys' fees. *Nevin v. Salk* 45 Cal.App.3d 331, 338 (1975).

2. <u>Baker Is the Prevailing Party on All Causes of Action</u>

Pursuant to California Civil Code § 1717, in an action to enforce a contract authorizing an award of fees and costs to one party, the party "prevailing on the contract" is entitled to reasonable fees. The attorneys' fees clause contained in the Confidentiality Agreement reads, in relevant part, as follows:

> "3.2 <u>Attorneys' Fees and Costs</u>. In an suit, action or proceeding (including arbitration) arising out of or related to this Agreement or the transactions contemplated hereby … the non-prevailing party in that Action shall pay the prevailing party a reasonable sum for ordinary and necessary attorneys' … fees and costs incurred in connection with prosecuting or defending the Action and/or enforcing any judgment .."

The Court finds that Baker, by defeating all of Infinite's and Altos' causes of action, was the prevailing party in this litigation. The prevailing party is the party who recovered greater relief in the action on the contract and non-contract causes of action. California Civil Code § 1717 and California Code of Civil Procedure § 1021. Furthermore, Local Rule 54-2.2 states " … [t]he defendant is the prevailing party when the proceeding is terminated by court-ordered dismissal or judgment in favor of defendant."

3. <u>Counterclaimants Are Entitled to Their Attorneys' Fees for Counterclaims One and Three</u>

All individual counterclaimants prevailed in their counterclaims for wages and bonuses

and California Labor Code § 218.5 provides for an award of attorneys' fees for prosecuting such claims. In addition to his counterclaims for wages and bonuses, Baker also prevailed on his Breach of Promissory Note counterclaim and the promissory note in question contains an attorneys' fees clause. This Court finds that defendants and counterclaimants are entitled to their attorneys' fees for prosecuting Counterclaims One and Three

### 4. Counterclaimants Are Not Entitled to Post-August 11, 2009 Attorneys' Fees Related to the Prosecution of Counterclaims Four, Five and Six

This Court granted summary adjudication of the Sixth Counterclaim and dismissed without prejudice the Fourth and Fifth Counterclaims due to lack of federal jurisdiction. This Court finds that counterclaimants have not made a request for attorneys' fees related to the Sixth Counterclaim. This Court further finds that counterclaimants are not entitled to their post August 11, 2009, attorneys' fees related to the prosecution of Counterclaims Four and Five.

### 5. The Attorneys' Fees Requested by Baker and Counterclaimant Are Reasonable and Necessary

Reasonable attorneys' fees are determined in this Circuit by multiplying the number of hours worked by the customary rate for such work and then adjusting that "lodestar" figure (up or down) based on a variety of factors, such as the novelty of the questions raised, the skill required to perform the legal services rendered, the experience and reputation of the attorneys involved, and fee awards in similar cases. *See, e.g., Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975); *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).

The fair and reasonable amount of attorneys' fees to be awarded in this matter is $196,000.00. This amount is based on:

    a. The monthly invoices of counsel for defendants and counterclaimants, which reflect the services provided for each hour billed.

    b. The Declaration of Peter W. Craigie establishes that the services provided were reasonable and necessary in both the prosecution and defense of this action.

    c. The Declaration of Peter W. Craigie establishes that the hourly billing rates

charged for the services are reasonable rates in this locality for attorneys of comparable standing and experience.

    d. The written agreement governing attorneys' fees between defendants and counterclaimants and Craigie, McCarthy & Clow is attached to the Declaration of Peter W. Craigie.

Dated: November 30, 2009

_____
Hon. Manuel L. Real